P. T. LEHMAN and wife, S. E. LEHMAN, v. CICERO TISE.

(Decided April 11, 1899).

*Mortgage—Notes—Judgment—Counterclaim.*

Where a counterclaim consists of a judgment and promissory
notes against the plaintiff, who is examined as a witness,
and the judgment is proved by the record, and there is no
contention over the notes, the rule of preponderance of proof
is inapplicable—they are both established, and the jury
should be so told.

CIVIL ACTION for damages for breach of contract, tried
before *Coble J.,* at May Term, 1898, of FORSYTH Superior
Court.

The defendant denied the plaintiffs' cause of action and
pleaded counterclaims. There were verdict and judgment
for plaintiffs and exception and appeal by defendant.

The opinion shows the contentions, evidence, issue, charge
and exceptions.

*Messrs. Jones & Patterson,* for defendant (appellant).
*Messrs. Watson, Buxton & Watson,* for plaintiffs.

MONTGOMERY, J. The plaintiffs in their complaint al-
lege that in March, 1891, the defendant proposed to the plain-
tiffs to convey to the *feme* plaintiff a certain lot of land in
Winston, N. C., and to build a house thereon at the cost of
$1,250, and take a note for the purchase price secured by
mortgage on the property; that the plaintiffs declined the
proposition, whereupon the defendant, to induce the plaintiffs
to make the trade, guaranteed verbally that if the plaintiffs
would buy the property on the terms proposed, that within
twelve months the property should bring double the price
agreed to be paid for it; and that as a further inducement to
the plaintiffs to buy the property the defendant promised

the male plaintiff that he would give him employment in his furniture store and real estate office at $75 per month, and that he would give to two sons of the plaintiffs, of the age of 17 and 19 respectively, employment in his furniture factory at $1 and $1.25 respectively, and board until the wages of three should extinguish the debt for the purchase of the property; that the proposition was accepted, and that the defendant, after procuring the note and mortgage, refused to comply with his contract, refused to make good the guarantee as to the increased value of the property, and refused to give employment to the plaintiff and his sons as agreed upon; but on the other hand sold the property by direction of the Superior Court of Forsyth County in a proceeding brought to foreclose the mortgage and became the purchaser thereof himself from the commissioner appointed by the Court.

The defendant in his answer denies the allegation of the complaint, except as to the sale of the property to the *feme* plaintiff and the execution of the note and the mortgage for the purchase money, but without guarantees set out in the plaintiffs' complaint, and the sale by the commissioner and the purchase of the property by himself. The defendant in his answer set up two counterclaims, one of $783 by judgment, as the balance due on the judgment in the foreclosure proceedings, and the other in the sum of $500, with accrued interest, due by notes and mortgage of the plaintiff, executed to the defendant for the purchase of two vacant lots in Winston.

The 7th issue submitted to the jury was in these words: "What amount is defendant entitled to recover of the plaintiff on his counterclaims," and upon the instructions of his Honor on that issue the jury responded, "Nothing." The defendant excepted to the instructions, and that exception furnishes the chief question for us to consider.

The defendant introduced the judgment in evidence which he claimed as a set-off in the action and the notes of the plaintiffs for the vacant lots, and testified that nothing had been paid on either. The male plaintiff, himself a witness, made no contention over the notes, but did say that before the judgment was had in the foreclosure proceedings he had made some payments on the notes upon which the judgment was afterwards taken. Upon this condition of facts the Court instructed the jury upon the 7th issue as follows:

"The plaintiffs contend that the jury should answer the 7th issue 'Nothing'. The jury are instructed that, if defendant has shown, by a greater weight of the evidence, he is entitled to recover anything on his counterclaim they will ascertian how much he is so entitled to recover and give such sums as their answer to the 7th issue. Defendant testified that he sold the two vacant lots under the mortgage he held, and bid them off at his own sale, and the jury are instructed that by such a sale the relations of the parties are not changed with regard to the lots, and that defendant still remains a mortgagee and plaintiff a mortgagor. The defendant having the right to have the amount due paid, holding the lots as security, and the plaintiff being entitled to his equity of redemption; and if he has failed to show by a preponderance of the evidence that he is entitled to recover anything on his counterclaims, they will answer the 7th issue, 'Nothing.' "

There was error in the instruction. The rule of the greater weight of evidence had no application. The judgment was proved as required by law, and the defendant introduced the notes of the plaintiffs for the vacant lots without any endorsed credits, and testified that nothing had been paid upon them. The plaintiff admitted the judgment and made no claim that the notes had been paid. The jury should have been instructed to find the amount of the judgment to be a

set-off to which the defendant was entitled; and further, that if they believed the notes for the vacant lots had been executed and that no payments had been made upon them, they should find the defendant was entitled to the amount of the notes and interest, as a further set-off.

It is not necessary to consider the other exceptions. We will suggest, however, that it is not certain that the plaintiffs can sustain themselves as to that part of the action growing out of such a guarantee as the plaintiffs allege that the defendant made to them in reference to the future value of the real esate sold by the defendant to the plaintiffs. As that feature of the case, however, embraces only a part of the present cause of action, and as a new trial will have to be granted for the error pointed out, the case will go back for trial without prejudice on the *quaere* suggested.

New trial.